IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK A. BEBOUT,<br>　　Plaintiff<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>　　Defendant. | )<br>)<br>)<br>)　Civil Action No. 07-20<br>)<br>)<br>)<br>) |

REPORT AND RECOMMENDATION

I.   Recommendation

It is respectfully recommended that the plaintiff's motion for summary judgment (Docket No.7) be denied; that the defendant's motion for summary judgment (Docket No.9) be granted; that the decision of the Commissioner of Social Security be affirmed and that judgment be entered accordingly.

II.   Report

Presently before the Court for disposition are cross motions for summary judgment.

On January 8, 2007, Mark A. Bebout, by his counsel, filed a complaint pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§405(g) and 1383(c)(3) for review of the Commissioner's final determination disallowing his claim for a period of disability or for disability insurance benefits and supplemental security income benefits under Sections 216(i) and 223 of the Social Security Act, as amended, 42 U.S.C. §§416(i) and 423 and 1381 cf.

The plaintiff filed an application for disability and supplemental security income benefits on April 13, 2004 (R.49-51, 339-341). Benefits were denied on July 12, 2004 (R.31-34, 343-347). On July 26, 2004, the plaintiff requested a hearing (R.35, 349), and pursuant to that request a hearing was conducted on March 6, 2006, (R.350-385). In a decision filed on July 13, 2006, an Administrative Law Judge denied benefits (R.9-16). Upon reconsideration, and in a decision dated November 6, 2006, the Appeals Council affirmed the prior decision (R.5-7). The instant complaint was filed on January 8, 2007.

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to support the findings of the Commissioner that the plaintiff failed to sustain his/her burden of demonstrating that he/she was disabled within the meaning of the Social Security Act. Richardson v. Perales, 402 U.S. 389 (1971); Adorno v. Shalala, 40 F.3d 43 (3d Cir. 1994).

It is provided in 42 U.S.C. Section 405(g) that:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....

Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)." Richardson v. Perales, supra., at page 401; Plummer v. Apfel, 186 F.3d 422 (3d Cir. 1999).

At the hearing held on March 6, 2006 (R.350-385), the plaintiff appeared with counsel (R.352), and testified that he was born on February 19, 1967 (R.355); that he graduated from

college (R.356); that he lives with his wife and two children (R.357) and that his wife works (R.357).

The plaintiff also testified that he worked as an accountant (R.360-363) and a car salesman (R. 363); that he abused cocaine and has an alcohol problem (R.364-366); that he has Crohn's disease which is in remission (R.367-368); that he suffers from irritable bowel syndrome and depression (R.367-368); that he takes medication for his ailments which makes him groggy (R.369, 379) and that he performs some household chores (R.372).

At the hearing, a vocational expert was called upon to testify (R.379-384). She identified the plaintiff's past work as skilled at the sedentary or light exertional levels (R.380). The witness testified that if the plaintiff was capable of engaging in light work, the plaintiff could perform his prior work which was said to exist in substantial numbers (R.383). However, if the individual experienced mental health problems which would occur frequently during work, the witness testified that he would not be employable (R.384).

The issue before the Court for immediate resolution is a determination of whether or not there is substantial evidence to support the findings of the Commissioner that the plaintiff is not disabled within the meaning of the Act.

The term "disability" is defined in 42 U.S.C. Section 423(d)(1)(A) as:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....

For purposes of the foregoing, the requirements for a disability determination are provided in 42 U.S.C. Section 423(d)(2)(A):

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work

experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. Section 423(d)(3).  These provisions are also applied for purposes of establishing a period of disability.  42 U.S.C. Section 416(i)(2)(A).

It is provided in 42 U.S.C. Section 1382c(a)(3) that:

(A)... an individual shall be considered to be disabled for purposes of this subchapter if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

(B) For purposes of subparagraph (A), an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

* * *

(D) For purposes of this paragraph, a physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

It is also provided that:

> Notwithstanding the provisions of subparagraphs (A) through (E), an individual shall also be considered to be disabled for purposes of this subchapter if he is permanently and totally disabled as defined under a State plan approved under subchapter XIV or XVI of this chapter as in effect for October 1972 and received aid under such plan (on the basis of disability) for December 1973 (and for at least one month prior to July 1973), so long as he is continuously disabled as so defined.

42 U.S.C. Section 1382c(3)(F).

Pursuant to the authorization contained in 42 U.S.C. Section 1382c(3)(D), the Commissioner has promulgated certain regulations for the implementation of the Supplemental Security Income Program. While these statutory provisions have been regarded as "very harsh," nevertheless, they must be followed by the courts. NLRB v. Staiman Brothers, 466 F.2d 564 (3d Cir. 1972); Choratch v. Finch, 438 F.2d 342 (3d Cir. 1971); Woods v. Finch, 428 F.2d 469 (3d Cir. 1970). Thus, it must be determined whether or not there is substantial evidence in the record to support the conclusion of the Commissioner that the plaintiff is not disabled within the meaning of the Social Security Act.

For this purpose, certain medical evidence was reviewed by the Commissioner.

The plaintiff was treated by Thomas W. Sheridan, Ph.D. between August 31, 2002 and October 22, 2002 for depression and alcoholism. Participation in Alcoholics Anonymous was urged (R.113-157).

The plaintiff was treated at Allegheny General Hospital as an outpatient between January 2, 2002 and August 15, 2003 for Remicade infusions for his Crohn's disease (R.158-180).

The plaintiff was treated by Dr. Jennifer Lewis between November 1, 2001 and August 21, 2003 at six month intervals for Crohn's disease, depression and gastro-esophageal reflux disease (R.280-290).

The plaintiff was treated by Dr. Paul J. Lebovitz between August 18, 2001 and January 6, 2004 for Crohn's disease. His condition appeared stable with medication. On physical examination, the plaintiff was not in any distress (R.181-270).

The plaintiff was treated by Dr. Victor Adebimpe between December 12, 2003 and January 29, 2004 for depression and alcohol dependency (R.271-279).

In a report of a psychiatric review completed on June 16, 2004, Raymond Daiton, Ph.D. diagnosed an affective disorder demonstrated by depression and alcohol abuse. The limitations on the plaintiff were minimal (R.291-304).

After reviewing the medical evidence and in a residual functional capacity assessment completed on July 2, 2004, it is noted that the plaintiff could occasionally lift fifty pounds, frequently lift twenty-five pounds, and stand, walk or sit for about six hours. The plaintiff's condition was reported as medically controlled and his claimed limitations were determined not to be credible (R.305-312).

The plaintiff was treated by Dr. Nathan between January 6, 2005 and February 6, 2006 and a diagnosis of a bipolar disorder was made. It was concluded that the plaintiff's limitations were marked and that he could not engage in gainful employ (R.313-331).

The plaintiff was treated by Dr. Paul J. Lebovitz between August 10, 2005 and February 15, 2006 for inflammatory bowel disease. It was noted that due to bowel urgency, the plaintiff might have difficulty working (R.332-338).

The relevant regulations require explicit findings concerning the various vocational factors which the Act requires to be considered in making findings of disability in some cases. These regulations, published at 20 C.F.R. §§404.1501, et seq., set forth an orderly and logical sequential process for evaluating all disability claims.  In this sequence, the Administrative Law Judge must first decide whether the plaintiff is engaging in substantial gainful activity.  If not, then the severity of the plaintiff's impairment must be considered.  If the impairment is severe, then it must be determined whether he/she meets or equals the "Listings of Impairments" in Appendix 1 of the Regulations which the Commissioner has deemed of sufficient severity to establish disability.  If the impairment does not meet or equal the Listings, then it must be ascertained whether he/she can do his/her past relevant work.  If not, then the residual functional capacity of the plaintiff must be ascertained, considering all the medical evidence in the file.  The finding of residual functional capacity is the key to the remainder of findings under the new regulations.  If the plaintiff's impairment is exertional only, (i.e. one which limits the strength he/she can exert in engaging in work activity), and if his/her impairment enables him/her to do sustained work of a sedentary, light or medium nature, and the findings of age, education and work experience, made by the Administrative Law Judge coincide precisely with one of the rules set forth in Appendix 2 to the regulations, an appropriate finding is made.  If the facts of the specific case do not coincide with the parameters of one of the rules, or if the plaintiff has mixed exertional and non-exertional impairments, then the rules in Appendix 2 are used as guidelines in assisting the Administrative Law Judge to properly weigh all relevant medical and vocational facts.

Based on the evidence presented, the Commissioner concluded:

The claimant meets the insured status requirements of the Social Security Act through September 2008...

The claimant has not engaged in substantial gainful activity at any time relevant to this decision...

The claimant has the following severe impairments: Crohn's disease, Cocaine Addiction and Alcohol Abuse...  His depression causes him to have low energy and no motivation. His medications make him "foggy" in the morning and he has to lie down 50% of the time...  He also has Crohn's disease which is "manageable" if he "watches his diet and stays away from alcohol and drugs"...

The medical evidence confirms that the Crohn's Disease has been "manageable"... with the disease in "clinical remission" for an extended time.

As to the claimant's mental health status, it appears to be related to the claimant's problems with substance abuse...

The claimant's Crohn's disease is stable and does not compare to any of the Digestive System listings... Although the claimant has a diagnosis of depression with some symptoms ... it appears to be in conjunction with his real problem involving alcohol abuse and cocaine abuse. Despite the claimant's contentions that he is unable to concentrate and lies around for half the day, the evidence shows that he is able to perform a wide range of activities at home...

After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform work of any exertional level and without any mental restrictions when cocaine addiction and alcohol abuse are not present... I am not persuaded by the questionnaires completed by the claimant's treating physician and psychiatrist regarding the claimant's mental state. First, the actual treatment notes, in contrast to the opinion statements, show the claimant having good response to medication with improving symptoms for the short time he was under treatment. Secondly, there is a question about the timing of the statements. The primary care source had not even seen the claimant for 9 months when she indicated on the questionnaire dated May 2004 that she believed the claimant "could not concentrate enough to hold down a job or even look for a job."  Similarly, I am suspect of the psychiatrist's questionnaire completed in February 2006 indicating that the claimant had "marked" functional limitations in every category. Not only was the form completed 6 months after the claimant had last been seen, but the claimant's role as primary caregiver for two pre-school age children belies the entire assessment...

After considering the evidence of record, I find that the claimant's medically determinable impairments could reasonably be expect to produce the alleged

>symptoms, but that the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible. In short, I do not believe the claimant is telling the truth as to his lack of use of illegal drugs or alcohol abuse. Although the claimant specifically denied abusing alcohol at the hearing, he pleaded guilty to his second DUI in the last two years, and will shortly begin serving a sentence...  At the hearing, the claimant testified that he was asked to leave the job at Children's Hospital because he did not complete the work that was assigned, implying that he was not capable of the job. Yet, his psychiatrist reported that the claimant was not asked to leave the job, but rather "impulsively quit."  Overall, I found the claimant's testimony exaggerated regarding his limitations. The claimant may well feel frustrated and depressed at being unable to find a job, but he is not prevented from doing it because of his impairments.
>
>The claimant is capable of performing past relevant work as an accountant and financial analyst...
>
>The claimant has not been under a "disability" as defined in the Social Security Act...[and] he cannot be considered disabled ..." (R.13-16).

The record demonstrates that the plaintiff's Crohn's disease is controlled by medication and is in remission. Furthermore, it appears that his alcoholism and cocaine abuse significantly contribute to his perceived limitations. Since the Commissioner is charged with making credibility determinations, it cannot be said that the conclusion reached that the medical evidence does not support the plaintiff's alleged disability is not founded on substantial evidence.

Summary judgment is appropriate where there are no material issues of fact in dispute and the movant is entitled to judgment as a matter of law.  Biener v. Calio, 361 F.3d 206 (3d Cir. 2004).  In the instant case, there are no material factual issues in dispute, the decision of the Commissioner is supported by substantial evidence, and judgment should be entered for the defendant and against the plaintiff. For this reason, it is recommended that the defendant's motion for summary judgment be granted, and that the decision of the Commissioner be affirmed.

Within ten (10) days after being served with a copy, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                                                               Respectfully submitted,

Dated: October 2, 2007                                          s/Robert C. Mitchell,
                                                                                            United States Magistrate Judge